IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WARREN D. FRIDAY,**                                                                          **PETITIONER**

**v.**                                                                                                   **No. 1:12CV85-A-V**

**STATE OF MISSISSIPPI, ET AL.**                                                     **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Warren D. Friday for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed; the petitioner has not responded, and the deadline for response has expired. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

On November 20, 2009, Warren D. Friday's post-release supervision was revoked in the Circuit Court of Lowndes County, Mississippi, and he was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections on his conviction for the taking of a motor vehicle. His federal habeas petition is challenging this revocation, rather than the underlying conviction and sentence. "An order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State*, 382 So.2d 289, 290 (Miss.1980) (quoting *Pipkin v. State*, 292 So.2d 181, 182 (Miss. 1974)).

On May 25, 2010, a letter from Friday requesting a copy of his revocation order was filed in the Lowndes County Circuit Court. This letter was docketed as a "Post Conviction Collateral Relief Petition for Production of Records." On September 1, 2010, the trial court denied Friday's motion for records. In is *habeas corpus* petition, Friday states that he has filed two

complaints with the Mississippi Department of Corrections' Administrative Remedy Program (A.R.P.) challenging his revocation. However, the staff with the Administrative Remedy Program within the Mississippi Department of Corrections and the Marshall County Correctional Facility, where Friday is housed, state that, although Friday has filed multiple complaints with the A.R.P., he has not filed any challenging his revocation.

Friday filed several pleadings in the Circuit Court which were docketed as post-conviction motions. On March 21, 2011, Friday signed a post-conviction motion, which was filed in the circuit court. On May 26, 2011, this motion was denied. On April 23, 2012, Friday filed two letters in the Lowndes County Circuit Court requesting documents. These letters were docketed as post-conviction motions. On May 7, 2012, Friday filed a motion for rehearing and post-conviction collateral relief in the trial court. This was also docketed as post-conviction motion. On June 12, 2012, Friday filed a letter alleging that his transcripts had been falsified. This pleading was also docketed as a post-conviction motion.

On June 12, 2012, Friday also filed a petition for a writ of mandamus in the Mississippi Supreme Court, which was docketed in Cause No. 2012-M-690. However, petitions for writs of mandamus do not qualify for statutory tolling under 28 U.S.C. §2244(d). *Moore v. Cain*, 298 F.3d 361, 366-367 (5th Cir. 2002). In any event, the mandamus action challenged Marshall County Correctional Facility's denial of his attempt to purchase a hard-back book and, as such, was unrelated to Petitioner's revocation. This was the date on which Friday signed his motion to proceed as a pauper as well as the date reflected on the postage of the envelope.

Friday's sentence after revocation became final on the day his probation revoked and he was sentenced – November 20, 2009. Therefore, the deadline for Friday to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was November 20, 2010. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Friday's first motion for post-conviction relief was filed prior to the expiration of the federal limitations period, and the trial court treated this filing as a post-conviction motion; as such, Friday is entitled to statutory tolling for 107 days – during the pendency of that petition (May 17, 2010, through September 1, 2010). Though Friday filed other pleadings which could be construed as seeking state post-conviction relief, they were filed after the expiration of the federal *habeas corpus* deadline; as such, they do not trigger additional statutory tolling. Therefore, Friday's *habeas corpus* petition was due in federal court on or before March 7, 2011 (November 20, 2010, plus 107 days). The court received Friday's petition on April 19, 2012.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was thus filed sometime between the date it was signed on April 16, 2012, and the date it was received and stamped as "filed" in the district court on April 19, 2012. Therefore, the instant petition was filed 406 to 409 days after the March 7, 2011, filing deadline. Friday does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192

F.3d at 513-14. The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 28th day of August, 2013.

 /s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**